EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Sucesión de Salvador Jiménez Sanes y otras<br><br>    Demandantes-Recurridos<br><br>    v.<br><br>Yolanda Pérez Cirino<br>    Demandada-Peticionaria | Certiorari<br><br>2001 TSPR 28 |

Número del Caso: CC-2000-632

Fecha: 05/marzo/2001

Tribunal de Circuito de Apelaciones:

    Circuito Regional VII

Juez Ponente:

    Hon. Frank Rodríguez García

Abogado de la Parte Peticionaria:

    Lcdo. Raúl Rosa Rodríguez

Abogado de la Parte Recurrida:

    Lcdo. Francisco M. Troncoso Cortés

Materia: Desahucio (Falta de Pago)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Sucesión de Salvador Jiménez
Sanes y otras

     Demandantes recurridos

        v.                                   CC-2000-632

Yolanda Pérez Cirino

     Demandada peticionaria

Opinión del Tribunal emitida por la Juez Asociada señora NAVEIRA DE RODÓN.

San Juan, Puerto Rico a 5 de marzo de 2001

El caso de autos nos brinda la oportunidad de expresarnos sobre la aplicación a una moción de determinaciones de hechos adicionales, Regla 43.3 y 43.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, y, de la norma procesal de notificación esbozada en Lagares v. E.L.A., Op. 23 de diciembre de 1997, 97 J.T.S. 149, con relación a la moción de reconsideración, Regla 47 de Procedimiento Civil, *supra*.

Veamos cuáles son los hechos procesales pertinentes.

El 17 de mayo de 1999 el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Carolina, dictó una sentencia en la que declaró con lugar la demanda de desahucio presentada por la Sucesión de Salvador Jiménez Sanes (en adelante Sucesión) contra la Sra. Yolanda Pérez Cirino.  El 4 de junio se archivó en autos copia de su notificación.

Así las cosas, la demandada Pérez Cirino presentó una moción al amparo de la Regla 43.3, mediante la cual solicitó determinaciones de hechos adicionales.  Oportunamente, la Sucesión se opuso alegando que el foro de instancia no tenía jurisdicción para considerar dicha moción, ya que la misma no fue notificada dentro del término jurisdiccional de diez (10) días establecidos en dicha regla.  Arguyó que habiendo sido el archivo en autos de la notificación de la sentencia el 4 de junio de 1999, la parte demandada, señora Pérez Cirino tenía hasta el 14 de junio para **presentar y notificar** una moción bajo la Regla 43.3, y que no fue notificada de la presentación de la moción hasta el 29 de junio de 1999. El 28 de julio el tribunal de instancia denegó la moción y el 9 de agosto se archivó en autos copia de su notificación.[1]

Inconforme con este dictamen, el 25 de agosto, la parte demandada, la señora Pérez Cirino, acudió en apelación ante el Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito), cuestionando en los méritos la determinación del foro de instancia. La Sucesión, a su vez, presentó una moción de desestimación alegando que el Tribunal de Circuito no tenía jurisdicción, ya que la moción de determinaciones de hechos adicionales, Reglas 43.3 y 43.4, presentada en instancia el 14 de junio de 1999 no le fue notificada hasta el 29 de junio, pasado el término jurisdiccional de diez (10) días para **presentarla y notificarla**.  El Tribunal de Circuito acogió este planteamiento y el 22 de junio de 2000 dictó sentencia mediante la cual resolvió que la moción sobre determinaciones de hechos adicionales presentada por la parte demandada señora Pérez Cirino, "no paralizó el término para acudir en alzada en apelación por no haberse notificado a la parte adversa conforme a derecho, [por consiguiente,] el recurso de apelación ante nos se presentó fuera del plazo jurisdiccional".  Esta sentencia fue notificada el 27 de junio.  Inconforme con la misma, la demandada señora Pérez Cirino acudió ante nos planteando la comisión de los siguientes errores:

1.   Cometió error de Derecho el Honorable Tribunal de Circuito de Apelaciones al resolver que la Moción Para Que Se Hagan Determinaciones de Hechos Adicionales Bajo la Regla 43.3 de Procedimiento Civil, no paralizó el término para acudir en apelación.

2.   Cometió error de Derecho el Honorable Tribunal de Circuito de Apelaciones al aplicar una doctrina jurisprudencial

---

[1]   El foro de instancia denegó la moción sobre determinación de hechos adicionales con un escueto no ha lugar.

incorrectamente a una situación de hechos diferente que se rige por una disposición de Ley (Regla 43.3) diferente y con mayor alcance y amplitud a la cual nuestro más alto Tribunal no ha extendido la aplicación de la doctrina establecida en el caso de Lagares Pérez v. E.L.A., 97 J.T.S. 149.

Decidimos revisar y expedimos el recurso. Con el beneficio de la comparecencia de ambas partes resolvemos.

II

Arguye la peticionaria Pérez Cirino que la Regla 47 sobre el mecanismo procesal de la reconsideración es totalmente distinto al de las Reglas 43.3 y 43.4 que proveen para la solicitud de determinaciones de hechos adicionales, y que siendo estas últimas "más abarcadoras" y concediendo "un derecho mayor a las partes" no se debe extender a las mismas la aplicación de la doctrina enunciada en el caso de Lagares Pérez v. E.L.A., *supra*.

Expresó, además, que en el caso de autos fue "por error e inadvertencia" que se tardó en notificar la moción a la parte demandante, la Sucesión. Añadió que la práctica y el uso y costumbre es que se notifica el escrito el mismo día en que se presenta, pero que en este caso, por error o inadvertencia se notificó dentro del término de los seis (6) días que se tenía para apelar la sentencia y que dicha tardanza no causó perjuicio alguno.

De otra parte, la demandante recurrida plantea que la norma establecida en Lagares Pérez v. E.L.A., *supra*, para la reconsideración es de entera aplicación a una moción sobre determinaciones de hechos adicionales, Reglas 43.3 y 43.4. Entiende además que "las 'excusas' que ofrece la parte demandada peticionaria para justificar su incumplimiento son vagas e imprecisas".

Pasemos ahora a discutir el derecho procesal aplicable.

III

La Regla 43.3 al igual que la Regla 47 no contiene disposición alguna que establezca específicamente el término para notificar su presentación o que indique que dicho término es el mismo de diez (10) días que se establece para radicar la moción y que, por lo tanto, es uno jurisdiccional. De otra parte, distinto a lo que ocurre con la Regla 47, al amparo de la Regla 43.4, una vez "[r]adicada una moción por cualquier parte en el pleito para que el tribunal enmiende sus determinaciones o haga determinaciones ... adicionales, quedarán interrumpidos los términos que establecen las Reglas 47, 48 y 53 para todas las partes".

La Regla 43.3 proviene de la Regla 52(b) de las Reglas de Procedimiento Civil Federales. El propósito de esta Regla es facilitarle al foro apelativo el entender las

cuestiones de hecho que el foro de instancia ha determinado y son la base de sus conclusiones de derecho. Wright and Miller, Federal Practice and Procedure 9A, sec, 2581, pág. 544, West, (1995). Ahora bien, existe una diferencia significativa con relación a la forma en que ambas reglas han sido redactadas. La regla federal dispone que la moción tiene que haber sido "hecha" ("made") no más tarde de diez (10) días de haberse registrado la sentencia. Como en otras Reglas Federales se utiliza el término radicado ("filed") para establecer el punto de partida, algunos tribunales federales y comentaristas han interpretado que se cumple con el término dispuesto por la Regla 52(b) cuando, dentro del término de diez (10) días allí establecido se le notifica ("serve") a la otra parte la moción sobre determinaciones de hechos adicionales, aunque se radique la moción en el tribunal con posterioridad al término de diez (10) días. Keohane v Swarco Inc. 320 F2d 429, 431-432 (6t0 Cir. - 1963): 5 Moore's Federal Practice, pág. 2680: Wright and Miller, *supra*.

A contrario sensu, nuestra Regla 43.3 claramente dispone que una moción sobre determinaciones de hechos adicionales tiene que ser "presentada" ("filed") a más tardar diez (10) días después de haberse archivado en autos una copia de la notificación de la sentencia.

En Lagares v. E.L.A., *supra*, al atender una situación similar relacionada con la Regla 47 sobre la reconsideración, expresamos que nuestras reglas procesales:

> Preconizan como norma general que toda moción o alegación sea notificada a todas las partes del pleito, y que éstas --si lo interesan-- puedan comparecer a oponerse o apoyar lo solicitado. A ello responde lo que se dispone concretamente en la Regla 8.4 y en la Regla 67.1 de Procedimiento Civil. Se trata de una filosofía procesal que auspicia que todas las partes del pleito estén plenamente enteradas de todo lo que allí acontece y puedan expresarse sobre todos los desarrollos en éste.

Conforme esta filosofía resolvimos que la moción de reconsideración hay que notificarla dentro del término de quince (15) días provisto en la Regla 47 para su presentación. Aunque este término es jurisdiccional para la presentación de la moción al tribunal, en cuanto a su notificación determinamos que por no estar específicamente establecido por ley "dicha moción debía notificarse dentro del término referido, y que ello, prospectivamente, constituye un requisito de **cumplimiento estricto**".

IV

Al aplicar la normativa procesal antes expuesta al caso de autos encontramos que si bien existen diferencias entre la Regla 47 y las Reglas 43.3 y 43.4, la filosofía que permea a éstas es similar. También ambas tienen en común que en ellas no se establece un término específico para realizar la notificación ni la naturaleza de éste, si jurisdiccional, de cumplimiento estricto o simplemente directivo.

Por todo lo antes expuesto aplicamos la norma procesal enunciada en Lagares Pérez v. E.L.A., *supra*, a la notificación que se exige se haga en relación con la moción de

determinaciones de hechos adicionales de la Regla 43.3.  En otras palabras, el término para notificar es el mismo de diez (10) días que se tiene para presentar la moción al tribunal y será de cumplimiento estricto.  Esta norma se aplicará prospectivamente.

Por todo lo antes expuesto, se dictará sentencia revocando la emitida por el Tribunal de Circuito el 22 de junio de 2000 y devolviendo el caso a dicho tribunal para que continúen los procedimientos de forma compatible con lo aquí expuesto.


Miriam Naveira de Rodón
Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Sucesión de Salvador Jiménez
Sanes y otras

      Demandantes recurridos

        v.                    CC-2000-632

Yolanda Pérez Cirino

      Demandada peticionaria

SENTENCIA

San Juan, Puerto Rico a 5 de marzo de 2001

Por todo lo expuesto en la Opinión que antecede, la cual es parte integral de la presente, se revoca la sentencia emitida por el Tribunal de Circuito de Apelaciones el 22 de junio de 2000. Se devuelve el caso a dicho Tribunal de Circuito para que continúen los procedimientos de forma compatible con lo expuesto en la opinión que antecede.

Así lo pronuncia, manda el Tribunal y certifica la Secretaria del Tribunal Supremo de Puerto Rico. El Juez Asociado señor Rivera Pérez está inhibido.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo